UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |
|---|---|
| DION D. K. JOHNSON, SR., | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:15-cv-202<br>) |
| v. | ) Honorable Phillip J. Green<br>) |
| COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>) |
|  | ) **OPINION** |
| Defendant. | )<br>) |

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security finding that on and after October 27, 2011, plaintiff was not disabled and that he was no longer entitled to supplemental security income (SSI) benefits.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States Magistrate Judge conduct all further proceedings in this case, including entry of final judgment.  (ECF No. 14).

On October 27, 2011, the Social Security Administration (SSA) completed a continuing disability review and determined that plaintiff was no longer disabled as of that date.  (PageID.111-16).  Plaintiff requested reconsideration.  (PageID.119).  On April 10, 2013, a disability hearing officer found on reconsideration that plaintiff was not disabled.  (PageID.121-29).  Plaintiff asked

- 1 -

for a hearing before an administrative law judge (ALJ). (PageID.134-37). On September 17, 2013, and January 7, 2014, plaintiff received a hearing before an ALJ. (PageID.59-102). On March 28, 2014, the ALJ issued his decision finding that plaintiff's disability ended as of October 27, 2011. (PageID.41-51). On February 12, 2015, the Appeals Council denied review (PageID.28-31), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. He asks the court to reverse the Commissioner's decision on the basis of evidence that he never presented to the ALJ. (Plf. Brief at 1, PageID.826). Plaintiff argues that his "up to date" medical records generated after the ALJ's decision provide a basis for overturning the ALJ's decision. (*Id.* at 2-4, PageID.827-29). In addition, plaintiff indicates that he disagrees with the ALJ's factual finding regarding his credibility. (*Id.* at 3, PageID.828; Reply Brief at 2-4, PageID.860-62). The Court finds no basis for disturbing the Commissioner's decision or remanding this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g). A judgment will be entered affirming the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

The scope of the Court's review is limited. *Buxton v. Halter*, 246 F.3d at 772. The Court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive. . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton v. Halter*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."

*Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Sequential Analysis

In determining whether an individual continues to be disabled, the ALJ employs a seven-step sequential analysis. *See* 20 C.F.R. § 416.994(b)(5). There is no presumption of continuing disability. *See Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007) (citing *Cutlip v. HHS*, 25 F.3d 284, 286-87 n.1 (6th Cir. 1994)).

In step one, the ALJ examines whether the claimant has an impairment or combination of impairments that meets or equals the severity of a listed impairment. If answered in the affirmative, disability continues. Step two is an inquiry into whether there has been medical improvement. Step three is an examination whether the medical improvement is related to the claimant's ability to perform work. Step four is an analysis conducted if there has been no medical improvement or the improvement is unrelated to the claimant's ability to perform work. Step five is a determination whether the claimant's current impairments are severe. If there is no severe impairment, the claimant is not disabled.

Step six is an assessment of the claimant's "ability to do substantial gainful activity" in accordance with 20 C.F.R. § 416.960. That is, the ALJ determines the claimant's residual functional capacity (RFC) based on all his current impairments, and he considers whether the claimant can perform past relevant work. If the claimant can perform such work, he is not disabled.

Step seven is an administrative finding whether the claimant can perform other work in light of his age, education, work experience and RFC. If he is capable of performing other work, the claimant is not disabled. 20 C.F.R. § 416.994(b)(5)(vii); *see Newbold v. Colvin*, 718 F.3d 1257, 1261-62 (10th Cir. 2012); *Ison v. Astrue*, No. 5:10 cv 286, 2011 WL 4565775, at * 2-3 (E.D. Ky. Sept. 29, 2011); *Wagner v. Commissioner*, 2010 WL 3036763, at * 3 (N.D. Ohio July 15, 2010).

## The ALJ's Decision

The ALJ found that the administrative decision dated February 27, 2002, was the most recent favorable decision finding that plaintiff was disabled. It was "the 'comparison point decision' or CPD." (Op. at 3, PageID.43). At the time of the CPD, plaintiff had the following medically determinable impairments: "a status-post gunshot wound in the thigh and an anxiety related disorder." (*Id.*). The ALJ found that plaintiff had developed additional impairments after the CPD, through October 27, 2011. Plaintiff's severe impairments as of the date of the ALJ's decision were as follows: status post gunshot wound (with nerve damage); post-traumatic stress disorder (PTSD); asthma; degenerative disc disease of the cervical spine; dysthymia; and poly-substance (cannabis and cocaine) abuse disorder." (*Id.*). The ALJ found that "[s]ince October 27, 2011," plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.*).

The ALJ found that medical improvement had occurred as of October 27, 2011. (*Id.*). He determined that, on and after October 27, 2011, plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> [T]he claimant has had the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 416.967(a) of the Regulations: Lifting and carrying are limited to a maximum of ten pounds. Claimant requires a sit/stand option. Claimant must be able to use a hand-held assistive device at all times while standing where the contra-lateral upper extremity can be used to lift and carry objects up to the exertional limits. He can climb ramps and stairs occasionally and never climb ladders, ropes, or scaffolds. He can perform occasional stooping, kneeling, crouching, and crawling. He can perform no more than frequent handling and fingering with the left upper extremity [the extremity in which the cane or assistive device is not used]. He must avoid concentrated exposure to extreme cold, concentrated exposure to pulmonary irritants, and he must avoid all exposure to hazards, machinery, and unprotected heights. Work is limited to simple, routine, and repetitive tasks with occasional contact with the public, co-workers, and supervisors.

(*Id.* at 4, PageID.44). The ALJ found that plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms was not credible. (*Id.* at 4-8, PageID.44-48). The ALJ found that plaintiff's medical improvement related to the ability to work because it resulted in an increase in his RFC. (*Id.* at 8-9, PageID.48-49).

As of October 27, 2011, plaintiff had severe impairments, was unable to perform past relevant work, and was classified as a younger individual. (*Id.* at 9, PageID.49). Plaintiff has at least a high school education and is able to communicate in English. The transferability of job skills was not material to a disability determination. Based on the testimony of a vocational expert (VE), the

ALJ found that plaintiff was capable of performing jobs that existed in significant numbers in the national economy. (*Id.* at 9-10, PageID.49-50). Accordingly, the ALJ held that plaintiff's disability ended as of October 27, 2011.[1] (*Id.* at 10-11, PageID.50-51).

---

[1] Plaintiff's medical records from Florida describe him as a "known drug dealer." (PageID.402). On April 1, 2010, he required medical attention in Florida for a syncopal episode stemming from cocaine and alcohol abuse, following his then-recent release from jail. On that date in April 2010, plaintiff reported that his mother had died at age 56 from heart disease. (PageID.353-56). Plaintiff moved to Michigan in approximately June 2011. (PageID.475). On September 30, 2011, howerver, plaintiff told Dr. Homan that he "recently moved here from Florida because his mom had open heart surgery." (PageID.531). In 2012, plaintiff stated that he had first been confined in the Ottawa County jail in 2012, and that he had most recently been held there in April 2013. (PageID.254). On May 13, 2013, when plaintiff's physician confronted him regarding his failure to appear for scheduled appointments, plaintiff stated that he "was incarcerated for 30-40 days for not paying on a traffic ticket." (PageID.736). On November 13, 2012, plaintiff reported that he was "[c]urrently out on bond for domestic assault." (PageID.761). On January 7, 2014, plaintiff testified that his most recent legal problems in Florida had been for "selling drugs." He testified that his only arrest in Michigan had been approximately two years earlier for driving without an operator's license. (PageID.81). Plaintiff was not eligible for SSI benefits for any months he was "confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x)(1)(A)(i).

Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism and drug addiction. See 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F. App'x 393, 395 (6th Cir. 2004). The claimant bears the burden of demonstrating that drug and alcohol addiction is not a contributing factor to his disability. *See Cage v. Commissioner*, 692 F.3d 118, 122-25 (2d Cir. Aug.17, 2012); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989–90 (6th Cir. 2004). Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability. *See Gayheart v. Commissioner*, 710 F.3d 380, 365 (6th Cir. 2013).

**Discussion**

**1.**

Plaintiff asks the Court to reverse the Commissioner's decision on the basis of evidence that he never presented to the ALJ. (Plf. Brief at 1-4 and attached exhibits, PageID.826-29, 831-43; Reply Brief at 1, 4 and attached exhibits, Page ID.859, 862, 864-69). This is improper. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the Court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The Court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

"A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see DeLong v. Commissioner*, 748 F.3d 723, 725 n.3 (6th Cir. 2014); *Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th

Cir. 2009). The Court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence-six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014); *Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

The ALJ entered his decision on March 28, 2014. The medical records attached to plaintiff's brief and reply brief are dated December 23, 2014, and March 24, June 11, 19, 2015. On December 23, 2014, plaintiff's primary care provider, Colin Herd, M.D., conducted a medication review. He did not perform any objective tests beyond taking plaintiff's blood pressure and recording his height and weight. (PageID.864-65). On March 24, 2015, Dr. Herd indicated that plaintiff's blood pressure was lower and that he had lost a pound. (PageID.842). On June 11, 2015, plaintiff received a referral for a 6-week course of physical therapy based on his complaints of low back pain. (PageID.869). In addition, Dr. Herd ordered a comprehensive urine drug screen. On June 19, 2015, Dr. Herd ordered x-rays of

plaintiff's lumbar spine. (PageID.831). Plaintiff did not present medical evidence documenting the results of his June 2015 urine test and x-rays.

The proffered evidence is new because it was generated after the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. *See Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012). The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276. Plaintiff has not addressed, much less carried his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. None of the proffered evidence purports to assess plaintiff's condition during the period at issue: October 27, 2011, through March 28, 2014. The proffered evidence generated after the ALJ's decision would not have persuaded the ALJ to reach a different conclusion on the question of whether plaintiff was disabled from October 27, 2011, through March 28, 2014, the date of the ALJ's decision.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.

**2.**

Plaintiff disagrees with the ALJ's factual finding regarding his credibility. Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'"). "Upon review, [the Court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the Court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White*

*v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248.

Plaintiff's assertion that the ALJ found that his testimony was not credible based solely on the lack of objective evidence supporting his complaints cannot withstand scrutiny. The ALJ considered the objective evidence and the "other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p." (Op. at 7, PageID.47). Further, the lack of objective evidence supporting plaintiff's claims of disabling functional limitations was an appropriate consideration. *See Walters v. Commissioner*, 127 F.3d 531-32; *see also Kerspilo v. Commissioner*, No. 13-cv-14476, 2015 WL 1469461, at * 17 (E.D. Mich. Mar. 19, 2015); 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."); *Policy Interpretation Ruling Titles II and XVI: Evaluation of*

*Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (SSA July 2, 1996) (reprinted at 1996 WL 374186, at * 1, 6).

The Court finds no error in the ALJ's finding regarding plaintiff's credibility. The ALJ gave an adequate explanation of his factual finding and that finding is supported by more than substantial evidence.

## Conclusion

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534. The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence. Accordingly, a judgment will be entered affirming the Commissioner's decision.


Dated:   January 25, 2016               /s/ Phillip J. Green
                                        United States Magistrate Judge